J-S68004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRY WILLIAM EDGE | : | |
| | : | |
| Appellant | : | No. 1508 WDA 2017 |

Appeal from the Judgment of Sentence August 29, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009109-2016

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 11, 2019**

Appellant, Jerry William Edge, appeals from the judgment of sentence entered on August 29, 2017, in the Court of Common Pleas of Allegheny County.  We affirm.

Appellant was accused of sexually abusing his stepdaughters, M.B. and S.B. ("the victims"), from 2006 through 2008.  N.T., 6/7/17, at 32.  At the time of Appellant's trial, M.B. was fifteen years old,[1] and S.B. was nineteen years old.[2]  N.T., 6/7/17, at 42, 70.  Appellant and the victims' mother were married from 2006 until 2011, although they had separated years prior to their divorce.  N.T., 6/8/17, at 37-38.

---

[1] M.B. testified that she was abused by Appellant between the ages of six or seven through eight years of age.  N.T., 6/7/18, at 44, 54, 62.

[2] S.B. testified that she was abused by Appellant from the ages of ten to twelve years.  N.T., 6/7/18, at 72, 81, 92.

---

*   Former Justice specially assigned to the Superior Court.

Appellant was charged by criminal information filed on August 24, 2016, with fifteen counts for offenses committed from January 1, 2006, through December 31, 2008. Criminal Information, 8/24/16, at 1-6. M.B. was the victim in counts one through seven, and S.B. was the victim in counts eight through fifteen. Appellant proceeded to a jury trial on June 7, 2017. Appellant was convicted of counts five, six, and seven as related to M.B.,[3] and counts thirteen, fourteen and fifteen as related to S.B.[4] Sentencing was postponed for the preparation of a Presentence Investigation Report ("PSI"). On August 29, 2017, Appellant was sentenced to an aggregate eight to seventeen years of incarceration followed by five years of probation.

Appellant filed a post-sentence motion on September 1, 2017, which was denied by the trial court on September 20, 2017. Appellant filed an appeal on October 18, 2017. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I. Did the trial court err when it denied [Appellant's] motion for a mistrial where, during opening statements, the Commonwealth's attorney held herself out as an expert in child abuse cases and rendered an expert opinion that the

---

[3] Indecent assault, child less than thirteen years old, course of conduct, 18 Pa.C.S. § 3126(a)(7); endangering the welfare of children ("EWOC"), 18 Pa.C.S. § 4304(a)(1); and corruption of minors, 18 Pa.C.S. § 6301(a)(1)(i), respectively.

[4] Indecent assault, child less than thirteen years old, course of conduct, 18 Pa.C.S. § 3126(a)(7); EWOC, 18 Pa.C.S. § 4304(a)(1); and corruption of minors, 18 Pa.C.S. § 6301(a)(1)(i), respectively.

vast majority of children do not immediately report abuse and where the unavoidable effect of this statement was to deprive [Appellant] of a fair trial? Moreover, was it the case that no cautionary instruction to the jury would have been adequate to overcome any possible prejudice to [Appellant]?

II. Did the trial court abuse its sentencing discretion and impose a manifestly excessive and clearly unreasonable sentence by failing to provide reasons evidencing its consideration of all statutorily required sentencing factors under 42 Pa.C.S. § 9721 (Sentencing Generally) and 42 Pa.C.S. § 9725 (Total Confinement)?

Appellant's Brief at 5.

Appellant first argues that during opening statements, the Assistant District Attorney, Lee Goldfarb ("ADA Goldfarb") held herself out as an expert in child abuse cases and rendered an expert opinion that the vast majority of children do not immediately report abuse. Appellant's Brief at 18. Appellant further maintains that:

[t]he unavoidable effect of these statements was to deprive [Appellant] of a fair trial, as the rendition of any opinion from [the ADA] was both highly inappropriate and plainly intended to bolster or vouch for the credibility of the accusers, to vouch for her own credibility, and to vouch for the credibility of the prosecution against [Appellant].

*Id.*

Our standard of review of a court's denial of a motion for mistrial is as follows:

A motion for a mistrial is within the discretion of the trial court. A mistrial upon motion of one of the parties is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was

- 3 -

prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

*Commonwealth v. Tejeda*, 834 A.2d 619, 623 (Pa. Super. 2003) (internal citations and footnote omitted).

Our Supreme Court has stated the following in addressing claims of prosecutorial misconduct:

> In accord with the long-standing principle that a "prosecutor must be free to present his or her arguments with logical force and vigor," this Court has permitted prosecutorial advocacy "as long as there is a reasonable basis in the record for the prosecutor's comments." Prosecutorial comments based on the evidence or reasonable inferences therefrom are not objectionable, nor are comments that merely constitute oratorical flair. Furthermore, the prosecution must be permitted to respond to defense counsel's arguments. Any challenged prosecutorial comment **must not be viewed in isolation**, but rather must be considered in the context in which it was offered.
>
> It is improper for a prosecutor to offer his or her personal opinion as to the guilt of the accused or the credibility of any testimony. However, it is well within the bounds of proper advocacy for the prosecutor to summarize the facts of the case and then ask the jury to find the accused guilty based on those facts.
>
> The standard by which the court considers allegations of improper prosecutorial comments is a stringent one:
>
> > Comments by a prosecutor constitute reversible error only where their unavoidable effect is to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict.

*Commonwealth v. Chmiel*, 30 A.3d 1111, 1146-1147 (Pa. 2011) (emphasis in original) (internal citations omitted).

The following reflects the statements made by counsel and the ruling by the trial court to which Appellant objects in the case *sub judice*:

> [ADA Goldfarb]: Thank you, your Honor. Mr. Capone, ladies and gentlemen of the jury, this was actually a very quick jury selection, but just to reintroduce myself, my name is Lee Goldfarb, and I am the Assistant District Attorney that is handling this case.
>
> I am a member of what we call the Child Abuse Unit. And there are four other attorneys that handle these cases with me. And all we do are cases in which a child, someone under the age of 18, is physically or sexually assaulted by an adult, a crime against someone under the age of 18.
>
> And the reason this is important is that we're going to talk at some point during this trial about a concept, and you are going to hear from the detective as to delayed reporting. And what does that mean? Delayed reporting means that a crime occurred and someone did not tell immediately afterwards.
>
> And you are going to hear from the detective about delayed reporting. I can tell you that in the number of cases I have handled over the course of my career in child abuse I have only had one handful of people, especially children, that told immediately.
>
> [Appellant's Counsel]: Objection, your Honor.
>
> [The court]: Can I see counsel at sidebar, please.
>
> (Discussion at side bar.)
>
> [Appellant's counsel]: I believe it is improper for her to comment on the other cases, to bolster the credibility of her current victims based on her experience or other cases that have come through the system. There is going to be no evidence of any of that during the course of this trial.
>
> [The court]: Are you going to be presenting evidence about the number of cases?

[ADA Goldfarb]: Detective Honan will be called to testify that in his experience in investigating child abuse cases, the number of cases he has personally investigated that have reported right away versus a delayed report, and the fact that there is a variety of factors that lead to that.

The girls are also going to testify as to the reason for their delayed report.

[The court]: I think it fair to allow her to open on the testimony will be that delayed reporting is common, and that there are various reasons for it, and that she anticipates the witnesses will explain their reasons for the delayed report.

But she can't testify in the case, and so she can't say what she, herself, would be testifying to.

[Appellant's Counsel]: Because she did testify about a handful of cases that she has seen, I would at this point move for a mistrial.

[The court]: It does put the Commonwealth in the position of a witness.

[ADA Goldfarb]: Your Honor, I believe that could just be -- it was couched in the testimony from the detective, it wasn't specifically me talking about specific cases; just generally that we don't have this a lot.

I think that we are allowed to testify -- open and close from personal experiences. Defense counsel always tells stories during their closing arguments about times that they have been accused of things before, and how that made them feel; we are allowed to relate a little bit to the subject matter and the nature of these charges.

It[']s not expert testimony, not testimony, it is just these are a fact [sic]. I don't believe it would be improper, I will move on from this. I also don't believe it warrants a mistrial in this case.

[The court]: I haven't researched this specific issue. I would ordinarily say that the Commonwealth summarizing testimony from witnesses generally is absolutely appropriate. The concern

I have here is that Ms. Goldfarb used herself in her case as the example, and she can't testify.

I can instruct the jury to ignore that, and I am to assume that the jurors are capable of following the instructions of the [c]ourt. I will instruct them that they must ignore statements of the District Attorney's personal experience, they can only consider the District Attorney's summary of the evidence.

And I believe that would be sufficient to cure any miscue here. I don't know where the prejudice would be to the defense in the case, particularly in light of the fact that Ms. Goldfarb is the one at the end of the case that has to stand up and meet her burden and what she's told them she is going to present, so as she summarizes testimony from the detective and that then doesn't come out for some reason, I am sure you will be the first to point that out, too, during closing.

[Appellant's Counsel]: Yes, your Honor.

[The court]: So the mistrial will be denied. I will instruct the jury to ignore the comments.

[Appellant's Counsel]: Thank you, your Honor.

[ADA Goldfarb]: Thank you.

(End of sidebar discussion.)

[The court]: Ladies and gentlemen, I am going to strike from the record any comments that Ms. Goldfarb made about her own personal experience. She is permitted to summarize for you what the Commonwealth's evidence in the case will be, but she is not, as I indicated, the attorneys are not witnesses in the case, and so she is not permitted [to] tell you about her personal experience with regard to the cases.

So I will ask that you ignore any comments about her personal experience, you can't consider it for any reason. Thank you.

N.T., 6/7/17, at 25-31.

- 7 -

In addressing Appellant's claim in its Pa.R.A.P. 1925(a) opinion, the trial court concluded:

> Appellant did not suffer prejudice as it related to this [c]ourt's decision not to declare a mistrial, as the Commonwealth continued to carry the burden of testimony consistent with her opening statement. The prosecutor indicated that one of her witnesses would speak to his experience with delayed reporting, and further indicated that two of the victims would testify and explain why they failed to report the abuse promptly. Had the Commonwealth failed to produce testimony consistent with the prosecutor's opening statement, Appellant's counsel would have been free to exploit the deficiency during his closing argument. Appellant did not suffer prejudice and his first claim is without merit.

Trial Court Opinion, 2/12/18, at 4.

We agree with the trial court that Appellant is entitled to no relief on this claim. First, the jury was instructed by the trial court that opening remarks and argument of counsel do not constitute evidence that is to be weighed. N.T., 6/7/17, at 20-21. "The jury is presumed to have followed the court's instructions." **Commonwealth v. Flor**, 998 A.2d 606, 632 (Pa. 2010). Second, as the trial court observed, the jury heard testimony from Detective Honan regarding the concept of delayed reporting of abuse. N.T., 6/8/17, at 18-32. Moreover, the victims testified regarding their reasons for delayed reporting of the abuse. N.T., 6/7/17, at 41-69, 69-99. Finally, the trial court issued a curative instruction, advising the jury that it was not permitted to consider ADA Goldfarb's comments regarding her personal experience in handling these matters. **Id.** at 31. As noted, the jury is presumed to have followed the court's instructions. **Flor**, 998 A.2d at 632. In light of these

factors, we are compelled to conclude that the prosecutor's isolated opening argument remark did not result in prejudice to Appellant. Thus, Appellant is entitled to no relief on his first claim.

In his second issue, Appellant argues that the trial court abused its sentencing discretion by imposing a manifestly excessive and unreasonable sentence. Appellant's Brief at 35. Specifically, Appellant asserts that the trial court abused its discretion in sentencing him "to four consecutive terms of incarceration by failing to place reasons on the record evidencing its considerations of the factors statutorily required by 42 Pa.C.S. §§ 9721(b)[5] and 9725.[6]" *Id.* at 37.

_____

[5] Section 9721(b) provides that "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

[6] Section 9725 states:

> The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:
>
> (1)  there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;
>
> (2)  the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

Appellant's issue challenges the discretionary aspects of his sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions

---

(3)    a lesser sentence will depreciate the seriousness of the crime of the defendant.

- 10 -

were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, the first three requirements of the four-part test are met: Appellant brought a timely appeal, raised the challenges in a post-sentence motion, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-887 (Pa. Super. 2008). In his Pa.R.A.P. 2119(f) statement, Appellant argues that the trial court's sentence is manifestly excessive, constituting too severe a punishment, and the trial court failed to offer reasons for its sentence that comport with the requirements set forth in 42 Pa.C.S. §§ 9721(b) and 9725.[7] Appellant's Brief at 32-33. Appellant also argues that

---

[7] In the argument section of his brief, Appellant specifically argues that the trial court "failed to account for [Appellant's] non-criminal justice system related history and character; his condition; and his rehabilitative needs, which were and are substantial. Most significantly, the trial court failed to acknowledge or at all consider the severe diseases of mental illness and

"by imposing four consecutive sentences of incarceration, [Appellant] contends that the trial court imposed a manifestly excessive sentence constituting too severe a punishment." *Id.* at 32-33.

This Court has held that a challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the trial court failed to consider the defendant's rehabilitative needs upon fashioning its sentence, presents a substantial question. *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Because Appellant has presented a substantial question, we proceed with our analysis.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006).

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

---

addiction underlying [Appellant's] criminality." Appellant's Brief at 39 (internal citation omitted).

***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa. Super. 2006). Guided by these standards, we must determine whether the court abused its discretion by imposing a "manifestly excessive" sentence that constitutes "too severe a punishment." ***Id.*** Moreover, this Court has explained that when the "sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" ***Moury***, 992 A.2d at 171.

At the sentencing hearing, the trial court gave the following reasons for imposing Appellant's sentence:

> THE COURT: So I have carefully reviewed his pre-sentence report, and while these charges were a result of delayed report and the conduct for which he was convicted relates back to, I believe, it was 2008, I am going to take into consideration [Appellant's] subsequent behavior in the community when I make a determination regarding my obligation to consider the protection of the public.
>
> I note that [Appellant] began committing crimes in 1987 with a retail theft, and that since that time, he has consistently been involved with the criminal justice system for the course of years.
>
> He has been convicted four times, according to my count, of simple assault with female victims, and the majority of the crime[s] of violence [were] involving female victims, terroristic threats, one time, harassment and disorderly conduct and so on.
>
> In addition to that, he has a total of four, now, felony convictions. He has, over the course of time, served sentences of probation where he was afforded the opportunity to address his

mental health issues and his addiction, and his supervision history can really only be described as poor.

Failing to cooperate and abide by supervision conditions, violating his [Justice Related Services ("JRS")] plan, and in light of the serious nature of these offenses, and the fact that there are two victims and [Appellant] has demonstrated an inability or an unwillingness to comply with any sort of supervision or avail himself of treatment opportunities that he has been given over the many years[.]

N.T., Sentencing, 8/29/16, at 8-9.

In its Pa.R.A.P. 1925(a) opinion, the trial court further explained that:

This [c]ourt considered Appellant's ongoing involvement with the criminal justice system since 1987 in determining that Appellant remained a considerable threat to the public. He has been convicted four times of assaulting women and now has four felony convictions. He has not taken advantage of previous probation sentences to address his mental health and addiction issues, and his supervision history is poor. The sentence is thoroughly reflective of the gravity of the offense as it relates to the impact on two young victims by Appellant, a man who was in a position of trust with them as their stepfather, and of the need to protect the community, but also allows the possibility for Appellant to reenter society as a rehabilitated man after having served his aggregate sentence of 8 to 17 years.

Trial Court Opinion, 2/12/18, at 6.

As is reflected by the record, the trial court considered the protection of the public, the gravity of the offense in relation to its impact on the victim and community, and the rehabilitative needs of Appellant in sentencing Appellant. *Fullin*, 892 A.2d at 847. Moreover, the trial court considered these factors in imposing a sentence of confinement. Accordingly, we conclude that the trial court did not abuse its discretion by failing to take into consideration the

factors required by 42 Pa.C.S. §§ 9721(b) and 9725 in imposing upon Appellant an individualized sentence.

Moreover, the trial court had the benefit of a PSI. Thus, we can assume the sentencing court was aware of relevant information regarding Appellant's character and weighed those considerations along with mitigating statutory factors. ***Moury***, 992 A.2d at 171; ***see also Commonwealth v. Fowler***, 893 A.2d 758, 766 (Pa. Super. 2005) ("Since the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case."). Accordingly, Appellant's argument that the trial court failed to consider mitigating evidence, specifically his need for rehabilitation, fails. ***See Moury***, 992 A.2d at 171; ***Fowler***, 893 A.2d at 766.

Furthermore, we cannot agree that the sentence imposed was excessive. Appellant was sentenced to the following with regard to each of the convictions:

> [The Court]: [A]t Count 5, I would I [sic] impose a sentence in the aggravated range of 27 to 60 months incarceration. He is not RRRI eligible. He does have some credit time on this case, I believe, [Appellant's counsel]?
>
> [Appellant's Counsel]: Yes. Your Honor. March 30, 2016 was the arrest date on this case. He's been incarcerated ever since.
>
> [The Court]: At Count 6, endangering, also a course of conduct, a Felony 3, a period of incarceration of 21 to 42 month[s]. That is consecutive to Count 5.

- 15 -

At Count 7, the corruption, a misdemeanor of the first degree, a period of five years of probation, consecutive to all the incarceration. You're charged with specific special conditions of supervision to apply.

* * *

With regard to the second victim, at Count 13, [indecent] assault, a period of 27 to 60 months. That is also consecutive to Count 6, and at Count 14, a period of 21 to 42 months consecutive to Count 13.

At Count 15, the corruption count, a period of five years of probation consecutive to incarceration, but concurrent with the probation imposed at Count 6, subject to the same special conditions of supervision.

All of his sentences, as I indicated at Count 5, he is not RRRI eligible, but he will receive credit.

N.T., Sentencing, 8/29/17, at 9-11.

Appellant's convictions at counts five and thirteen for indecent assault of a victim less than thirteen years of age/ course of conduct at 18 Pa.C.S. § 3126(a)(7) were graded as felonies of the third degree. 18 Pa.C.S. § 3126(a)(7). The statutory maximum sentence for a felony of the third degree is seven years. 18 Pa.C.S. § 106(b)(4). The trial court sentenced Appellant to twenty-seven to sixty months of incarceration for these convictions. Thus, Appellant's sentence for these convictions does not exceed the statutory maximum. Moreover, Appellant's offense gravity score ("OGS")

- 16 -

was six, and his prior record score ("PRS") was four.[8] Sentencing Guidelines Forms, 8/29/17, at 1-6. The standard-range guideline sentence for that OGS/PRS pairing is a minimum sentence of fifteen to twenty-one months of incarceration, with the aggravated/mitigated range modifier of +/- six months. 204 Pa.Code § 303.16. Accordingly, Appellant's sentence for indecent assault at Section 3126(a)(7) was in the aggravated sentencing range but was still within the guidelines. Therefore, we review for whether that sentence was "clearly unreasonable." **Commonwealth v. Bowen**, 975 A.2d 1120, 1123-1124 (Pa. Super. 2009); 42 Pa.C.S. § 9781(c).

As noted, the trial court placed its reasons for imposition of this sentence on the record, including Appellant's history, the impact on the victims, and Appellant's failure to rehabilitate. "A sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed." **Commonwealth v. Stewart**, 867 A.2d 589, 592–593 (Pa. Super. 2005). "In addition, the sentencing judge's statement of reasons on the record must reflect this consideration, and the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a

---

[8] We note that for the convictions of 18 Pa.C.S. § 3126(a)(7), the trial court misidentified the OGS as "five", but properly indicated the grade as a felony of the third degree, the standard range, and the statutory maximum. Sentencing Guideline Forms, 8/29/17, "Form 5 of 15", at 1; "Form 13 of 15", at 1. **See** Sentencing Guidelines, 204 Pa.Code § 303.15, (identifying 18 Pa.C.S. § 3126(a)(7), indecent assault with victim less than thirteen years of age/ course of conduct, as having an OGS of six).

manifest abuse of discretion." ***Id.*** at 593. Considering the reasons placed on the record by the trial court, we cannot conclude that the trial court's imposition of sentence in the aggravated range was "clearly unreasonable." ***Bowen***, 975 A.2d at 1124. Thus, we find that the trial court did not commit an abuse of its discretion.

The convictions at counts six and fourteen for EWOC at 18 Pa.C.S. § 4304(a)(1) were felonies of the third degree. 18 Pa.C.S. § 4304(a)(1). Again, the statutory maximum sentence for a felony of the third degree is seven years. 18 Pa.C.S. § 106(b)(4). The trial court sentenced Appellant to twenty-one to forty-two months. Order, 8/29/17, at 1-2. Thus, Appellant's sentence did not exceed the statutory maximum. Moreover, the standard range guideline for Appellant's OGS (six)/ PRS (four) pairing for these convictions is a minimum sentence of fifteen to twenty-one months of incarceration, with the aggravated range modifier of +/- six months. 204 Pa.Code § 303.16. Therefore, Appellant's sentences for these convictions were within the standard range. "A standard range sentence carries its own presumption of reasonability." ***Commonwealth v. Hicks***, 151 A.3d 216, 228 (Pa. Super. 2016) (quoting ***Commonwealth v. Walls***, 926 A.2d 957, 964–965 (Pa. 2007)).

Furthermore, counts seven and fifteen, for convictions of corruption of minors at 18 Pa.C.S. § 6301(a)(1)(i), were misdemeanors of the third degree, carrying with them a maximum sentence of five years. Order, 8/29/17, at 1-

2; 18 Pa.C.S. § 106(b)(6). Appellant was sentenced to five years of probation on each of those counts, to be served concurrently. Order, 8/29/17, at 1-2. Accordingly, Appellant's sentences for these convictions were not unlawful, and in fact, were in the mitigated guideline range. Thus, we cannot conclude that they were unreasonable.

In sum, the trial court carefully considered the Sections 9721(b) and 9725 factors when sentencing Appellant, including his rehabilitative needs. The trial court reviewed the PSI and other information at its disposal when determining the sentence necessary considering the gravity of the offenses, the impact on the victims, and the need to protect the public in the future. It sentenced Appellant to consecutive terms of imprisonment, which resulted in an aggregate term of eight to seventeen years of imprisonment, and two sentences of five years of probation to be served consecutively to the imprisonment, but concurrently to each other. This application of the guidelines was not unreasonable. Thus, the trial court did not abuse its discretion in sentencing Appellant.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 19 -

Date:  1/11/2019